# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MOHAMED MAHMOUD BEDIER, <br><br>　　　Plaintiff, <br><br>　vs. <br><br>UNITED STATES OF AMERICA, et al., <br><br>　　　Defendants. | Case No.: SACV 12-01724-CJC(ANx) <br><br><br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT** |

## I. INTRODUCTION

　　Mohamed Mahmoud Bedier filed his Complaint on October 5, 2012 alleging eight causes of action against the United States of America, and a number of government officials in their official capacities, including Eric Holder, Janet Napolitano, John Morton, Gary Mead, Timothy Robbins, Lieutenant Michael McHenry, Sandra Hutchens, and Toni Bland (collectively, "Defendants"). Mr. Bedier is a citizen and native of

Lebanon.  (Dkt. No. 1 ["Compl."] ¶ 14.)  On August 16, 2006, he pled guilty to aid by misrepresentation in violation of California Welfare and Institutions Code section 10980(c)(2).  (*Id.* ¶ 16.)  As a consequence of his conviction, Mr. Bedier was placed in removal proceedings on March 27, 2012.  (*Id.* ¶ 19.)  Pending removal, Mr. Bedier was detained at the Adelanto Detention Facility.  (*Id.* ¶ 21.)  On September 19, 2012, he was transferred to the Theo Lacy Facility.  (*Id.* ¶ 31.)  On August 6, 2012, an immigration judge ordered that Mr. Bedier be removed to Lebanon.  (*Id.* ¶¶ 33–34.)  Sometime after filing the Complaint, Mr. Bedier was removed to Lebanon, where he currently resides.  (Bedier Decl. ¶¶ 1, 17.)

In the Complaint, Mr. Bedier alleges that his removal to Lebanon was improperly delayed.  (*Id.* ¶ 35.)  Mr. Bedier also alleges that while detained, he was denied a Halal diet consistent with his Muslim faith.  (*Id.* ¶¶ 64–65.)  Although he was provided with a vegetarian diet, which is Halal, he alleges that he was only supplied with peanut butter, rice, and macaroni.  (*Id.* ¶ 23.)  Other detainees who requested vegetarian diets received salad and fruits.  (*Id.*)  He also alleges that during Ramadan he was denied a single date, which is required for his religious practice.  (*Id.* ¶ 24.)  Additionally, Mr. Bedier alleges that while detained he was denied the ability to pray in accordance with his religion.  (*Id.* ¶ 36.)

Three of the causes of action stated in Mr. Bedier's Complaint are brought under the Federal Tort Claims Act ("FTCA"): false imprisonment, negligence, and intentional infliction of emotional distress.  Mr. Bedier also brings causes of action for violations of his constitutional rights to due process and free exercise of religion, including a *Bivens* claim, as well as a cause of action for violation of the Religious Freedom Restoration Act.  Mr. Bedier seeks to enjoin Defendants from denying his requests for a Halal or

///

///

vegetarian diet, denying him a sufficient diet, refusing to allow him to pray, and delaying his removal to Lebanon.  Mr. Bedier also seeks costs under the Equal Access to Justice Act.

On October 31, 2012, the Court issued an Order to Show Cause ("OSC") why this case should not be dismissed for failure to state a claim.  (Dkt. No. 14.)  Mr. Bedier filed his opposition on November 28, 2012, (Dkt. Nos. 18, 19), and Defendants filed a response on December 5, 2012, (Dkt. No. 20).  For the following reasons, the Court **DISMISSES** Mr. Bedier's Complaint.

## II.  ANALYSIS

The legal standard in deciding whether Mr. Bedier has stated a claim on which relief may be granted is the same as for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  In considering whether to dismiss a case for failure to state a claim, the issue before the Court is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  The district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations.  *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

///

### A. *Bivens* Claim

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized a cause of action against federal officials for damages arising from constitutional violations. *Id.* at 394–95. A *Bivens* claim "can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). "This is because a *Bivens* suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States . . . ." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). The Supreme Court has refused to extend the *Bivens* cause of action against federal agencies, even when Congress has waived the agency's sovereign immunity. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 483–84 (1994).

Mr. Bedier's *Bivens* claim is based on allegations that Defendants violated his constitutional right to liberty without due process by arbitrarily and capriciously detaining him and delaying his removal. (Compl. ¶ 40.) He further alleges that he has suffered economic damages and significant physical and emotional harm as a result of such violations. (*Id.* ¶ 45.) However, Mr. Bedier has failed to state a claim because he only alleges constitutional violations against Defendants in their official capacities. (*Id.* ¶¶ 6–10, 12–13.)

### B. FTCA Claims

The FTCA permits suits against the United States for injuries caused by a government employee acting within the scope of his employment. 28 U.S.C. § 1346(b)(1); *Kashin v. Kent*, 457 F.3d 1033, 1036 (9th Cir. 2006). Prior to bringing an FTCA claim before a federal court, a plaintiff must have exhausted his administrative

remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993). This requires submitting an administrative claim to the federal agency that committed the allegedly tortious conduct. 28 U.S.C. § 2675(a). The plaintiff may not file an action against the United States until the administrative claim has been denied by the agency, or until six months have passed and the agency has made no final response. *Id.* Until that time, federal courts lack jurisdiction over the FTCA claims.

Here, the Court lacks jurisdiction over Mr. Bedier's FTCA claims because he has failed to allege or show that he has exhausted his administrative remedies. The Complaint contains no allegations regarding administrative claims, other than a passing reference to a letter submitted by Mr. Bedier's daughter regarding delays in his removal. Mr. Bedier has attached the letter, dated September 17, 2012, to his opposition to the Court's OSC. (Pl.'s Opp'n Exh. 2.) First, the letter only refers to delays in Mr. Bedier's removal, and makes no reference to his diet or ability to pray. Additionally, Mr. Bedier has not alleged or argued that the claim made in the letter was denied. Instead, he argues that the letter was simply ignored. (Pl.'s Opp'n at 3.) If the letter was in fact ignored, the Court would not have jurisdiction over Mr. Bedier's FTCA claims until March 17, 2013, six months after the claim was made and ignored. Accordingly, the Court lacks jurisdiction over Mr. Bedier's FTCA claims.

**C. Mootness**

Mr. Bedier's remaining claims are moot, as they seek injunctive relief that would be impossible to grant. Mootness is a jurisdictional defect that can be raised at any time by the parties or the court *sua sponte*. *Barilla v. Ervin*, 886 F.2d 1514, 1519 (9th Cir. 1989). "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (citations omitted). "[T]he question is not whether the precise relief

sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief." *West v. Secretary of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000). Part or all of a case may become moot if (1) "subsequent events [have] made it absolutely clear that the allegedly wrongful behavior [cannot] reasonably be expected to recur," *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203–04 (1968), and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 854 (9th Cir. 1985).

The remainder of Mr. Bedier's claims relate to his detention. He seeks to enjoin Defendants from denying his requests for a Halal or vegetarian diet, supplying him with an insufficient diet, denying him the ability to pray, and delaying his removal to Lebanon. However, Mr. Bedier admits that he was removed to Lebanon. (Bedier Decl. ¶¶ 1, 17.) He is no longer being detained by the United States, and it does not appear that he is likely to be detained again in the near future. As the relief sought is dependent on Mr. Bedier being detained, it would be impossible for the Court to grant the relief he requests. Accordingly, the claims are moot.

## III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Mr. Bedier's Complaint. As Mr. Bedier could potentially amend his non-FTCA claims, he shall have twenty (20) days from the date of this Order to file an amended complaint consistent with this Order.

DATED:    December 17, 2012

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE